UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20571-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ARVY DIAZ FIGUEROA,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

    The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for the Defendant Arvy Diaz Figueroa. (ECF No. 303). I held that hearing on May 6, 2020, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

    1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by the Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning the Defendant's sentence.

    2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant

1

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing. Defendant also consented to my holding the hearing by video conference. And, both parties agreed that holding the change of plea now, rather than delaying it until all could appear before the Court in person was important because they had reached a resolution to this prosecution that they are eager to finalize and they do not want to further delay the matter, or delay Defendant's designation to a Bureau of Prisons facility that is less restrictive than the current conditions at the Federal Detention Center. Pursuant to S.D. Fla. Administrative Order 2020-23, I find that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

3. I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4. The parties entered into a written plea agreement that was thereafter filed with the Court. I reviewed that plea agreement with Defendant, and he and his counsel confirmed that that agreement was translated and read to Defendant, word-for-word, and that Defendant agreed to its terms. At the hearing both counsel and Defendant agreed to strike a phrase ("within the Sentencing Guidelines range") from paragraph 7 of that agreement. During the hearing Defendant authorized his counsel to sign his name to that plea agreement. Pursuant to that agreement, Defendant pled guilty to the sole count of the Indictment, which charges Defendant with conspiring with others onboard a vessel subject to the jurisdiction of the United States to possess with intent to distribute five (5) kilograms

or more of cocaine, in violation of Title 46, United States Code, Section 70506(b). (ECF No. 3).

5. The parties agreed to a written factual proffer that states a factual basis for the crime to which Defendant pled guilty. This too was later filed with the Court. I reviewed that document with Defendant, and he and his counsel confirmed that it was translated and read to Defendant, word-for-word, and that Defendant agreed that it is the truth. During the hearing Defendant authorized his counsel to sign his name to that plea agreement. Government counsel identified all of the essential elements of the offense to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained how he committed the crime charged in the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the mandatory minimum ten (10) year period of imprisonment, and maximum period of life imprisonment.

6. Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of the crime charged in the Indictment.

7. The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that his **sentencing has been scheduled for July 14, 2020,**

**at 1:15 p.m., before the Honorable Donald M. Middlebrooks, at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Courtroom 1155, Miami, Florida, 33132**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of the crime charged in the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 6th day of May, 2020, at Miami, Florida.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Donald M. Middlebrooks
      Counsel of record